

FILED ___ ENTERED
LODGED ___ RECEIVED

JUN 2 6 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NETSPHERE, INC., <br><br> Plaintiff, <br><br> V. <br><br> INTERNET ENTERTAINMENT GROUP, INC., <br><br> Defendant. | CASE NO. C00-1975 L <br><br> ORDER IMPOSING SANCTIONS |

Plaintiff applies for the imposition of sanctions. The request relates to delays by defendant's president, Seth Warshavsky, in complying with this court's order that defendant appear and respond to examination as to its income and assets.

Specifically, Warshavsky failed to appear on the date set for hearing. Plaintiff's counsel did appear, and had retained a court reporter for the hearing.

Upon sufficient proof that defendant had been served, the court ordered the issuance of a warrant for Warshavsky's arrest. Learning of the warrant, Warshavsky surrendered to the U.S. Marshal, and the hearing was set to begin forthwith. Plaintiff's counsel again appeared, with a court reporter. Based upon a report in the media that Warshavsky claimed he had not been served, plaintiff's counsel also arranged for the presence of witnesses from the process server.

ORDER
PAGE -1-

At the second time set for hearing, law enforcement officers were present in the courtroom, apparently in connection with some investigation of Warshavsky or of defendant. Although Warshavsky had counsel present with him, he sought and obtained a further delay of the hearing to permit the presence of a second attorney. When the second attorney did not arrive within the allotted time, the hearing was again postponed to another day, when it was finally conducted.

Plaintiff seeks sanctions consisting of: (1) the time of plaintiff's counsel at the hearing when Warshavsky did not appear, and at the hearing where Warshavsky secured a continuance; (2) the fees of the court reporters for those two hearings; and (3) the estimated cost for the presence of the process servers, who were to be witnesses.

Under Local rule GR 3(d), a "party who without just cause . . . fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate."

The court finds that this rule supports a portion of plaintiff's request for sanctions. Defendant has shown no good cause for his failure to appear at the time initially set for hearing. As to the second hearing, defendant should have come prepared to testify; and if more than one lawyer was required, he should have had both lawyers present. That hearing was continued for defendant's convenience, and he (not plaintiff) should bear the related expenses.

Plaintiff is therefore entitled to recover the reasonable cost of plaintiff's counsel, and for the court reporter present at the first two scheduled times. The court declines, however, to award plaintiff the estimated cost of the process servers who were to testify as witnesses ($150.00). It is not clear why plaintiff felt the need to prove, at the second hearing, that Warshavsky had been served. By that time he was in custody, and was certain to be at the

ORDER
PAGE -2-

second hearing. Furthermore, plaintiff's showing as to the costs associated with those witnesses is inadequate. Plaintiff could only estimate the amount for which it would be billed by the process server - indeed, could not be certain that it would be billed at all. The sanctions therefore will not include the estimated cost of attendance by the process servers.

The court therefore imposes sanctions against defendant of $615.00, which is $150 less than the amount requested. Defendant shall pay this amount to plaintiff within 14 days after the entry of this order.

The Clerk shall direct copies of this order to counsel for both parties, and to the Hon. Robert S. Lasnik.

DATED this 26 day of June, 2001.

John L. Weinberg
United States Magistrate Judge

ORDER
PAGE -3-